Tbe opinion delivered in tbe Court of Appeals, is as follows:
Johnson, J.
By tbe common law, tavern-keepers are only bound to receive and entertain travellers as tbeir guests; and the condition of tbe bond which they are required to give on obtaining a license, under the Act of 1785, 1 Brev. Dig. 419, requires that they “ shall keep clean and wholesome meat and drink and lodging for travellers, and the usual provender for horses.” By the common law, he is liable also for the goods of his guests, if they are lost; and hence, the right of the tavern-keeper to detain for the expenses of his guests, and the reasons on which the right is founded, is well summed up in Bac. Abr. Inns and Innkeepers, D. — “ For men who get their livelihood by the entertainment of others, cannot annex such disobliging conditions that they shall retain the party’s property in case of non-payment, nor make so disadvantageous and impudent a supposition, that they shall not be paid; and therefore the law annexes such a condition without the express agreement of the parties.” Now it is apparent, that neither the rule, nor the reason of it applies to one who boards or sojourns at a tavern, for the keeper is not bound to receive him in that character, either by the common law, or by the terms of his bond; nor is he liable if the goods of the boarder are lost; as where an attorney hired a room in an inn for the term; or where one by special agreement boarded or sojourned in an *424 inn, and was robbed; and it was held that tbe keeper was not liable. Bac. Abr. Inns and Innkeepers, 0. 5. With respect, therefore, to a boarder or sojourner, the law imposes no obligation on the tavern-keeper to receive him, and the parties are left to make what contract they please, and consequently he cannot detain for the price of board, unless it is stipulated for.
It seems not to be well ascertained who was or was not a traveller, for whom the innkeeper was bound to provide. By the old law, it seems he was called a traveller the first day of his sojourn, a hogenhind the second day, and a menial servant on the third. But now, it seems, he will not lose that character, although he remain a week or a month at the same place; Bac. Abr. C. 5; and perhaps the only mode of ascertaining that fact, is to inquire whether he is resident or transient : that depends necessarily upon the object, nature, and extent of time which he has been resident, and must be resolved by the general understanding; and without pursuing the inquiry further, it is notorious that the defendant’s intestate had been long resident here, engaged in the business of a profession which rendered a fixed residence indispensable.
We are, therefore, very clearly of opinion, that the plaintiff had no right to detain the goods of the defendant’s intestate left in the room in which he died.
The motion is refused.
O’Neall and Harper, JJ., concurred.

Motion refused.